UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.Y., Plaintiff, v. LEMONADE INSURANCE COMPANY, Defendant. | Case No. 2:26-cv-2432-TLN-JDP (PS) ORDER |

Plaintiff A.Y. brings this breach of contract action against defendant Lemonade Insurance Company. Plaintiff does not plausibly plead diversity jurisdiction and have not articulated a cognizable claim.[1] I will dismiss the complaint and give plaintiff an opportunity to remedy the deficiencies identified below. I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 6, which makes the required showing. Lastly, I will deny plaintiff's motion to proceed under a pseudonym, ECF No. 3.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

[1] I use they/them pronouns to refer to plaintiff.

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

This action stems from an alleged breach of contract after defendant denied plaintiff's insurance claim. As an initial matter, plaintiff does not plausibly allege that the amount in controversy exceeds the jurisdictional threshold of $75,000 for establishing diversity jurisdiction.[2] *See* 28 U.S.C. § 1332(a). Plaintiff alleges that, in August 2024, they purchased a renters insurance policy from defendant. ECF No. 1 ¶ 17. On August 12, 2024, plaintiff allegedly was a

---

[2] For purposes of screening, plaintiff has plausibly pled that there is complete diversity of citizenship. Plaintiff alleges that they are a citizen of California and that defendant is domiciled in New York. ECF No. 1 ¶ 7.

victim of theft. *Id.* ¶ 22. Plaintiff does not state exactly what was stolen. While they refer to "watches and jewelry" as being taken, plaintiff does not otherwise describe the items or their approximate value. *See id.* ¶ 26. Similarly, while plaintiff alleges that they were required to purchase new renters insurance after defendant terminated the policy in May 2025, they do not specify the cost of the replacement insurance. *See id.* ¶ 67, at 32. Consequently, the court is unable to ascertain whether the amount in controversy exceeds $75,000, and the complaint must be dismissed on this basis alone. Nonetheless, I analyze plaintiff's claims to identify deficiencies that plaintiff should address if they file an amended complaint.

Plaintiff alleges that defendant breached their contract by denying their claim. *Id.* ¶¶ 107-12. A breach of contract claim under California law requires the following elements: (1) the existence of a contract; (2) the plaintiff's performance; (3) the defendant's breach; and (4) damages flowing from the breach. *See CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008). Plaintiff does not plausibly allege defendant's breach. Plaintiff pleads that they inadvertently submitted documents to defendant that they had edited to correct their name and convert document formats (e.g., Word to PDF). *Id.* ¶¶ 29-30. While plaintiff disputes that they edited the quantity or price of items, they admit that they edited the submitted receipts. *See id.* ¶ 59.

On April 17, 2025, defendant sent plaintiff a letter denying the claim for the reason that plaintiff "had engaged in misrepresentation." *Id.* ¶ 46. After defendant denied plaintiff's claim, plaintiff communicated that they submitted the "wrong receipts from [their] personal records" and requested the "order numbers" from defendant so that plaintiff could submit the "correct receipts." *Id.* ¶ 33. Although plaintiff had submitted the documents, they allege that defendant needed to inform them which documents had been modified by plaintiff. *See id.* ¶¶ 37-40.

Plaintiff does not plausibly state that defendant breached the contract. Indeed, plaintiff alleges that they submitted altered receipts, and that, for this reason, defendant denied the claim. *See id.* ¶ 59. While plaintiff disputes defendant's alleged representation that plaintiff altered prices and quantities, plaintiff does not sufficiently allege that defendant breached the contract by denying a claim supported by receipts with altered names. *See id.* ¶¶ 59, 110. Moreover, plaintiff

states that defendant violated the contract by not conducting a fair investigation or accommodating plaintiff's disabilities, but plaintiff does not state that those were requirements under the contract. *See id.* ¶ 110. Accordingly, plaintiff's breach of contract claim is not cognizable.[3]

With respect to their intentional infliction of emotional distress claim, plaintiff has failed to allege that defendant committed "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *See Lawler v. Montblanc N. Am.*, LLC, 704 F.3d 1235, 1245 (9th Cir. 2013) ("California recognizes a cause of action for intentional infliction of emotional distress ('IIED') when there is: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.").

Here, plaintiff alleges that, *inter alia*, defendant denied their claim, accused them of misrepresentation, refused to provide copies of the submitted documents, and cancelled plaintiff's policy. ECF No. 1 ¶ 123. Insurance companies routinely deny claims. The decision to deny a claim based on edited receipts cannot, absent circumstances not alleged here, be deemed extreme or outrageous. Further, plaintiff falls short of showing that defendant acted with the requisite intent or reckless disregard of causing emotional distress.

Lastly, plaintiff claims that defendant intentionally discriminated and retaliated against them in violation of California's Unruh Civil Rights Act. ECF No. 1 ¶¶ 122-38. The California Supreme Court has held that "a plaintiff seeking to establish a case under the Unruh Act must plead and prove intentional discrimination in public accommodations in violation of the terms of the Act. A disparate impact analysis or test does not apply to Unruh Act claims." *Koebke v. Bernardo Heights Country Club*, 36 Cal. 4th 824, 854 (2005). "Intentional discrimination

---

[3] Consequently, neither is plaintiff's claim for breach of the implied covenant of good faith and fair dealing. *See Everett v. State Farm Gen. Ins. Co.*, 162 Cal. App. 4th 649, 663 (2008) ("Because there was no breach of contract, there was no breach of the implied covenant.").

requires 'willful, affirmative misconduct on the part of those who violate the Act.'" *Martin v. Thi E-Com., LLC*, 95 Cal. App. 5th 521, 538 (2023) (quoting *Koebke*, 36 Cal. 4th at 853).

As noted, plaintiff fails to show that defendant acted with unlawful intent; rather, plaintiff alleges that defendant denied their claim after they submitted edited receipts. While plaintiff alleges that defendant treated them differently than "non-disabled insureds who make documentation errors," they provide no factual allegations to support this conclusion. *See* ECF No. 1 ¶ 133. Moreover, while plaintiff alleges that defendant canceled their policy as retaliation for their complaint and accommodation requests, plaintiff pleads that defendant denied their claim on April 17, 2025, on the basis that plaintiff "had engaged in misrepresentation" and then, on April 23, 2025, defendant communicated that it would cancel plaintiff's policy in May 2025 based on the results of its investigation. *See* ECF No. 1 ¶¶ 46, 67, 143. The plausible interpretation from these allegations is that defendant cancelled plaintiff's policy because its investigation revealed—as did plaintiff—that the submitted documents had been edited. As such, plaintiff does not state a cognizable claim under the Unruh Civil Rights Act.[4]

Accordingly, plaintiff's complaint is dismissed. I will allow plaintiff an opportunity to amend their complaint before recommending that this action be dismissed. Any amended complaint will entirely supersede the initial one and must be complete in itself. It should be titled "First Amended Complaint" and be filed within fourteen days of this order's entry.

Finally, I will deny plaintiff's motion to proceed under a pseudonym, ECF No. 3. "As a general rule, 'the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity.'" *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (quoting *United States v. Doe*, 488 F.3d 1154, 1156 n.1 (9th Cir. 2007)). A court may authorize a party to use a pseudonym "in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment,

---

[4] Because plaintiff's claims are not cognizable, plaintiff necessarily fails to state a derivative claim for declaratory relief or a violation of California's Unfair Competition Law. *See* ECF No. 1 ¶¶ 148-59. In that latter claim, plaintiff alleges that defendant also violated California's Unfair Claims Settlement Practices Act and the Fair Claim Settlement Practices regulations. *Id.* ¶ 150. However, plaintiff fails to substantiate those conclusory allegations.

injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000).

Plaintiff argues that they should be permitted to proceed under a pseudonym because they have "received document threats based on their Jewish identity, non-binary gender identity, disability status, and history as an asylum seeker." ECF No. 3 at 2. Without discounting plaintiff's alleged history, the court finds that plaintiff does not provide an adequate justification for allowing them to proceed under pseudonym. Plaintiff states that the threats they have received "were not made by Defendant" but by "third parties." *Id.* Plaintiff fails to show that they will be harmed if their legal name is publicly disclosed in this action. However, plaintiff may continue to use General Delivery as their public mailing address.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within fourteen days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. Plaintiff's amended application to proceed *in forma pauperis*, ECF No. 6, is GRANTED.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is DENIED as moot.

6. Plaintiff's motion to proceed under a pseudonym, ECF No. 3, is DENIED.

IT IS SO ORDERED.

Dated: September 3, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE